```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

JHON JAIRO ARANGO,              )
                                )
        Petitioner,              )    CRIMINAL NO.
                                )    00-10224-DPW
v.                              )
                                )    CIVIL ACTION NO.
UNITED STATES OF AMERICA,        )    08-11162-RCL
                                )
        Respondent.              )

## MEMORANDUM AND ORDER
May 1, 2012

The question presented is whether a district court may permit the revival of an appeal period by vacating and then reinstating a judgment of dismissal under Federal Rule of Civil Procedure 60(b)(6) at the request of a prisoner seeking habeas corpus for whom the appeal period lapsed because he was never notified by the court of the original adverse judgment. I conclude that a district court may do so and will reenter judgment in this case to permit the appeal period to be revived. I decline, however, to issue a certificate of appealability on the merits of the appeal.

### I. BACKGROUND

In 2008, Jhon Jairo Arango (the "petitioner"), having unsuccessfully appealed his conviction, *see United States v. Arango*, 508 F.3d 34 (1st Cir. 2007), sought relief pursuant to 28 U.S.C. § 2255 from the 262 month prison sentence imposed by the late Judge Lindsay in 2006 after extended sentencing proceedings. The petitioner alleged ineffective assistance by his counsel

during the sentencing proceedings.  In a thoughtful and persuasive Memorandum and Order issued June 17, 2009, Judge Young, who supervised Judge Lindsay's docket during Judge Lindsay's protracted illness, dismissed the petition.  The Order of Dismissal was formally entered on June 22, 2009.

The docket shows that the petitioner was not notified by the Court regarding either the Memorandum and Order or the Order of Dismissal.  After the petitioner learned of the adverse action on his petition, apparently as a result of his request for a copy of the docket sheet which the Clerk sent him on February 11, 2010, he sought leave to file a Notice of Appeal Out of Time.  Judge Young granted that motion on March 1, 2010 and the Petitioner filed his Notice of Appeal on March 12, 2010.

Finding that Judge Young did not have authority to allow the untimely Notice of Appeal, because the Motion for leave to file the Notice of Appeal Out of Time was not "filed within 180 days after the judgment or order [wa]s entered or within 7 days after the moving party receive[d] notice of the entry, whichever is earlier," Fed. R. App. P. 4(a)(6), *see also* 28 U.S.C. § 2107(c), the First Circuit dismissed the appeal by mandate issued July 6, 2010.

The petitioner filed a petition for a writ of certiorari on November 1, 2010, which the Supreme Court denied on March 7, 2011.  The petitioner has now returned to this court with a

Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(6), seeking a new judgment from which to renew his appeal.

## II.  DISCUSSION

A.  Petitioner's Rule 60(b)(6) Motion

Rule 60(b)(6) permits a district court to grant relief from a judgment for "any reason that justifies relief" not identified in Rules 60(b)(1)-(5). *Cotto v. United States*, 993 F.2d 274, 278 (1st Cir. 1993).  The circumstance in which a pro se prisoner is not notified by the court that his petition has been denied does not appear to be covered by any of Rules 60(b)(1)-(5).  I turn then to consider whether, as petitioner requests, Rule 60(b)(6) contains a means to provide relief that will permit a petitioner who acted promptly to file his notice of appeal after receiving actual notice of the adverse ruling.

At the outset, I must express surprise at the Government's opposition, which purports to oppose the petitioner's motion by quoting an immaterial part of Rule 60(c)(1), which provides that "a motion under Rule 60(b) must be made within a reasonable amount of time . . . and no more than a year after the entry of the judgement (sic) or order of (sic) the date of proceeding" (ellipsis in Government's submission).  The Government's surgical elision of the quotation from Rule 60(c)(1) ignores the grounds for petitioner's motion, which is plainly denominated in its heading as brought under Rule 60(b)(6).  The unexpurgated version of Rule 60(c)(1) provides that the one year limitation period is

3

"for reasons (1), (2) and (3) [of Rule 60(b)]." There is no time limitation for a motion brought under Rule 60(b)(6). *Cotto*, 993 F.2d at 278 (noting that the one-year limit "does not apply in *haec verba* to clause (6)"); *see also id.* at 280 ("A Rule 60(b)(6) motion 'must be made within a reasonable time.' What is 'reasonable' depends on the circumstances. Thus, a reasonable time for purposes of Rule 60(b)(6) may be *more or less* than the one-year period established for filing motions under Rule 60(1)-(3)." (citations omitted) (emphasis in original)).

As noted in *Cotto*, the test for timeliness of a motion made under Rule 60(b)(6) is whether the motion was "made within a reasonable time." Fed. R. Civ. P. 60(c)(1). What is "reasonable" depends on all of the circumstances in each case. In determining what is reasonable, courts have considered "the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Thompson v. Bell*, 580 F.3d 423, 443 (6th Cir. 2009) (quotation and citation omitted).

Here, the length of petitioner's delay was reasonable under the circumstances. He was not given notice of Judge Young's June 17, 2009 decision by the court. While he was awaiting the decision, on February 10, 2010 he was transferred to a new facility, and so contacted the Clerk of Court to provide his new address and to check on the status of his case. The Clerk provided petitioner with a copy of the docket, which contained an

4

entry for Judge Young's June 17, 2009 decision.  Twelve days later, on February 22, 2010, petitioner filed his Motion for Leave to File Out of Time.  The First Circuit dismissed the appeal by mandate issued July 6, 2010, and the Supreme Court denied review on March 7, 2011.  Three months later, on June 26, 2011, petitioner filed this Motion for Relief from Judgment.

The Government was not prejudiced by the delay in any meaningful way, and the equities weigh in favor of granting petitioner's motion.  As other courts have noted, Rule 60(b)(6) "confers broad discretion on the trial court to grant relief when appropriate to accomplish justice; it constitutes a grand reservoir of equitable power to do justice in a particular case . . . . and should be liberally construed when substantial justice will thus be served."  *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986) (quotations and citations omitted); *see also, e.g.*, *Thompson*, 580 F.3d at 444 (same).  Here, substantial justice would be served under the circumstances of this particular case by allowing petitioner's motion.  It is, after all, not his fault that he was not notified of Judge Young's decision.[1]  The First

---

[1] While I am cognizant of the Supreme Court's admonition that a litigant has a "duty to take legal steps to protect his interest in litigation in which the United States was a party adverse to him," *Ackermann v. United States*, 340 U.S. 193, 197 (1950), the Court has also recognized that different rules and expectations apply in the prisoner context.  For example, the Court recognized in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), that pro-se

> prisoners cannot take the steps other litigants can take to monitor the processing of their notices of

5

Circuit seems implicitly to have accepted the use of Rule 60(b)(6) as a procedural device to revive an appeal by entertaining a similar appeal on the merits. *See Tucker v. United States*, No. 05-412-ML, slip op. at 3 (D.R.I. Mar. 30,

> appeal and to ensure that the court clerk receives and stamps their notices of appeal before the 30-day deadline. Unlike other litigants, pro se prisoners cannot personally travel to the courthouse to see that the notice is stamped "filed" or to establish the date on which the court received the notice. Other litigants may choose to entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers, but only the pro se prisoner is forced to do so by his situation. And if other litigants do choose to use the mail, they can at least place the notice directly into the hands of the United States Postal Service (or a private express carrier); and they can follow its progress by calling the court to determine whether the notice has been received and stamped, knowing that if the mail goes awry they can personally deliver notice at the last moment or that their monitoring will provide them with evidence to demonstrate either excusable neglect or that the notice was not stamped on the date the court received it. Pro se prisoners cannot take any of these precautions; nor, by definition, do they have lawyers who can take these precautions for them. Worse, the pro se prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay. No matter how far in advance the pro se prisoner delivers his notice to the prison authorities, he can never be sure that it will ultimately get stamped "filed" on time. And if there is a delay the prisoner suspects is attributable to the prison authorities, he is unlikely to have any means of proving it, for his confinement prevents him from monitoring the process sufficiently to distinguish delay on the part of prison authorities from slow mail service or the court clerk's failure to stamp the notice on the date received.
>
> Similarly, here I decline to hold petitioner responsible for the failure of the court to notify him of Judge Young's 2009 decision in his case.

6

2010) (granting petitioner's Rule 60(b)(6) motion and re-entering judgment but denying a certificate of appealability on the merits where petitioner was not notified of decision and time for appeal expired), *aff'd* No. 10-1497, slip op. at 1 (1st Cir. June 14, 2010).

The Supreme Court has also held that a movant "must show extraordinary circumstances suggesting that the party is faultless in the delay." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). In the extraordinary circumstances presented here, petitioner was plainly "faultless in the delay." Consequently, I will GRANT petitioner's motion under Rule 60(b)(6) and VACATE the Order of Dismissal.

B.  Merits

Having vacated the Order of Dismissal and effectively reinstated this case, I proceed to the merits. I have carefully reviewed the submissions of the parties and find Judge Young's Memorandum of June 17, 2009 persuasive in its disposition of the claims. Accordingly, for the reasons stated in Judge Young's Memorandum and Order of June 17, 2009, I direct the Clerk to enter a new Order of Dismissal of this petition and assure that the petitioner receives notice of this action. Pursuant to First Circuit Local Rule 22, I decline to grant a certificate of appealability because I conclude no reasonable jurist would

disagree with Judge Young's analysis and I find no issue presented worthy of further appellate review.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE